**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

**IN AND FOR NEW CASTLE COUNTY**

DR. KEENAN KESTER COFIELD,   )
et al.   )
          Plaintiff,   )
  )
          v.   )  C.A. No. N14C-08-024 JRJ CCLD
  )
GOOGLE, INC., et al.   )
  )
          Defendants.   )

## ORDER

**AND NOW TO WIT**, this 16th day of June, 2015, **IT APPEARS THAT:**

1. Plaintiff filed a *pro se* Complaint and motion to proceed *in forma pauperis* on August 7, 2014, alleging Defendants committed copyright infringement.[1] Plaintiff's *in forma pauperis* application was denied on August 13, 2014.[2]

2. This case remained completely idle on the docket for nearly eight months until the Court issued a notice on March 3, 2015, pursuant to Superior Court Civil Rule 41(e), advising Plaintiff that the case would be dismissed if no proceedings were initiated within 30 days.[3] On April 6, 2015, Plaintiff filed a letter requesting a stay of the case or return of the filing fee.[4] Plaintiff asserts that because his funds

---

[1] Compl. (Trans. ID. 55857033).
[2] Trans. ID. 55886756.
[3] Trans. ID. 56854962.
[4] Trans. ID. 57030290.

are "tied up in a probate matter in other state/ federal jurisdiction[s], [he is] unable to pay the additional filing fees for the summons and amendments to be issued and served, and/or take any further action in this matter at this time."[5]

3. Pursuant to Superior Court Civil Rule 41(e), "[t]he Court may order an action dismissed, sua sponte, upon notice of the Court, for failure of a party diligently to prosecute the action, for failure to comply with any rule, statute, or order of the Court, or for any other reason deemed by the Court to be appropriate." The Delaware Supreme Court has recognized that "[i]t is settled law that the trial court has discretion to dismiss an action for failure to prosecute"[6] because of "the court's inherent power to manage its own affairs and to achieve the orderly and expeditious disposition of its business."[7]

4. This Court is mindful that Plaintiff is a *pro se* litigant, however, the rules of litigation for *pro se* litigants are the same as those for represented parties.[8] Plaintiff filed this Complaint over ten months ago, naming eighteen defendants, however, Plaintiff has not served any Defendant.[9] Plaintiff has also received written notice multiple times that he must comply with the Delaware Superior

---

[5] *Id.*
[6] *Draper v. Med. Ctr. of Delaware*, 767 A.2d 796, 798 (Del. 2001) (internal quotations omitted).
[7] *Id.*
[8] *Wilson v. Dill*, 2014 WL 4793031, at *2 (Del. Super. 2014).
[9] Superior Court Civil Rule 4(j) provides that, "[i]f a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion."

2

Court Rules of Civil Procedure, but Plaintiff continues to file non-conforming documents.[10] Specially, Plaintiff was informed at least five times that he must file sufficient copies of the complaint and praecipe so that one copy can be served on each defendant and that certified funds to the New Castle County Sheriff must be received so that the Prothonotary can issue the process specified in the praecipe and deliver it for service to the sheriff.

5. In the interest of judicial economy, the Court will dismiss the action without prejudice.

**NOW THEREFORE,** Plaintiff's Complaint with **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

Jan R. Jurden, President Judge

---

[10] Superior Court Civil Rule 3(a) provides that, "an action is commenced by filing with the Prothonotary a complaint or, if required by statute, a petition or statement of claim, all hereafter to be referred to as a "complaint" and a praecipe directing the Prothonotary to issue the writ specified therein. Sufficient copies of the complaint shall be filed so that one copy can be served on each defendant as hereafter provided."